# In the United States Court of Federal Claims

No. 20-879C

(Filed: August 17, 2020)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MITCHCO INTERNATIONAL, INC.,

       *Plaintiff*,

v.

THE UNITED STATES,

       *Defendant*,

and

KENTUCKY OFFICE OF
VOCATIONAL REHABILITATION,

       *Intervenor*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Post-award bid protest; Intervention; RCFC 24; Independent basis for jurisdiction; Subcontractor.

*Alan M. Grayson*, Windermere, FL, for plaintiff.

*Richard P. Schroeder*, United States Department of Justice, Commercial Litigation Branch, Washington, DC, with whom were *Ethan P. Davis*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Douglas K. Mickle*, Assistant Director, for defendant.

<u>ORDER</u>

BRUGGINK, Judge.

    In this post-award bid protest, Mitchco International, Inc. ("Mitchco"), alleges that the United States Army improperly awarded a contract to the Kentucky Office of Vocational Rehabilitation ("KOVR") to provide food service and dining room operation services at Fort Knox in Kentucky. KOVR, as the awardee, sought and was granted intervention as of right. Plaintiff did not oppose the motion. The putative awardee's

subcontractor, Southern Foodservice Management, Inc. ("Southern"), the entity that will perform the work on site, has since sought to intervene of its own right under Rule 24(b)(2), permissive intervention.[1]  Plaintiff and defendant oppose, arguing that Southern has neither a legally protectable interest in the action nor a claim or defense that shares a common question of fact or law with those in this action.

Rule 24(a) states that the court must allow intervention when the party seeking intervention "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  RCFC 24(a)(2).  Permissive intervention, under 24(b), allows the court to grant intervention when the party "has a claim or defense that shares with the main action a common question of law or fact."  *Id.*  24(b)(2).  Southern recognizes that normally a subcontractor is not an intervenor in a bid protestor but argues that Mitchco has put at issue its role in performing the contract, as well as its conduct related to the procurement by alleging  violations by Southern of the Procurement Integrity Act[2] and other misconduct and improper collusion between Southern and KOVR.

Plaintiff's response that it has put only the federal government's conduct regarding the Procurement Integrity Act at issue is completely at odds with the complaint, which directly targets Southern's conduct, thereby creating, at least in plaintiff's view, a nexus between Southern's role in the procurement and the existing parties' claims and defenses.  This would appear to satisfy the requirements of Rule 24(b).  Mitchco argues, however, that more is necessary.  Citing several non-procurement cases, Mitchco argues that the court must find a separate jurisdictional basis for the putative intervenor's appearance.  *See Aeroplate Corp. v. United States*, 111 Fed. Cl. 298, 300 (2011) (not allowing permissive intervention because of the lack of an independent basis for jurisdiction); *M.E.S., Inc. v. United States*, 99 Fed. Cl. 239, 244 (2011) (finding a legally protectable interest in the outcome and granting intervention as of right under the doctrine of ancillary jurisdiction).

---

[1] Mitchco has also sued the Commonwealth of Kentucky in state court for breach of an agreement between them which Mitchco asserts guarantees to it the right to perform as the subcontractor under any contract that Kentucky receives from the federal government for food service management at Fort Knox.  The state court has issued an injunction prohibiting Southern from performing for KOVR.  Pl.'s Opp'n to Southern's Mot. To Intervene 3-4 (ECF No. 15).  That lawsuit is ongoing.

[2]

2

We find intervention proper in these circumstances. If plaintiff's complaint is taken at face value, Southern's actions regarding this procurement are directly relevant to the bona fides of the putative award to KOVR. If plaintiff is correct, Southern violated procurement law and committed fraud, in collusion with KOVR, when KOVR was tentatively awarded the contract. Who better and with more at stake to deal with these accusations than Southern? Irrespective of what the rule may require in circumstances not involving bid protests, here, there is no reason to look for an independent jurisdictional rationale for permitting plaintiff to protect its interests. The court's jurisdictional reach under 28 U.S.C. § 1498 (b)(1) (2012), is limited to the disputed procurement. The test under Rule 24(b)(2) for whether the putative intervenor shares "claims and defenses" must be seen in the limited context of the original protest. There is no reason to require a wider scope of review nor is there any hazard in granting the intervenor a seat at the table. There is no danger that the court will be called on to adjudicate an "additional claim on the merits," thereby necessitating an independent basis for jurisdiction. *Aeroplate*, 111 Fed. Cl. at 300 (holding that the court lacked jurisdiction over the movant's claim and thus could not grant permissive intervention). Our review is thus limited to the propriety of the federal government's actions or inactions in awarding this contract, but Southern may be able to shed light on the question by explaining its own conduct in response to the allegations brought by plaintiff. In that sense, Southern has a defense that shares a common question of law and fact with the government's and KOVR's defense of the Army's decision to award to KOVR (and to Southern as the subcontractor). This is enough in a bid protest to allow permissive intervention under Rule 24(b)(2).[3]

In any event, the fact that the contract was awarded pursuant to the Randolph Sheppard Act, 20 U.S.C. § 107 (2012), lends support to granting intervention under Rule 24(a)(2) as well. Although the Commonwealth of Kentucky, acting through KOVR, is the nominal awardee, its role is only that of a sponsoring state agency. It is Southern that stands to win or lose economically in the end. The federal government is largely indifferent to who actually performs the work for the sponsoring agency. In this sense,

---

[3] Plaintiff also argued that intervention was inappropriate because Southern failed to accompany its motion with a pleading as required by the rule. That is unnecessary, however, given the court's practice in procurement protests in which motions for judgment on the administrative record are filed in lieu of pleadings other than the complaint. Plaintiff sought leave to file such a motion in lieu of an answer, which is hereby granted. Its motion will be due with defendant's on September 24, 2020.

unlike in other bid protests, Southern has an interest in the award of the contract beyond that of a normal subcontractor. Southern's interests are inadequately represented by KOVR or the federal government because Southern's performance is not necessary for the award to KOVR.[4] Thus intervention would be permissible under 24(a)(2). *Cf. Che Consulting, Inc. v. United States*, 71 Fed. Cl. 634 (2006) (holding that an incumbent subcontractor's pecuniary interest in the outcome gave it standing to intervene as of right).

Accordingly, Southern's motion (ECF No. 13) is granted. The clerk of court is directed to add Southern Foodservice Management, Inc. to the docket as an intervenor.

s/ Eric G. Bruggink
ERIC G. BRUIGGINK
Senior Judge

---

[4] It became apparent during the status conference held on July 24, 2020, that the Army is indifferent to whether Southern or Mitchco performs as KOVR's subcontractor (a transcript is unavailable for citation at this point). KOVR likewise may remain in place as the awardee regardless of whether Southern or Mitchco is the subcontractor. Southern's interests thus are not perfectly aligned with either defendant or the present intervenor, and we cannot say that Southern's interests would be adequately represented by either.